IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                                        No.16-cr-2367 WJ

JULIO CESAR FIGUEROA-RIVERA,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART and DENYING IN PART GOVERNMENT'S MOTION IN LIMINE SEEKING PRETRIAL RULING ON ADMISSIBILITY OF EVIDENCE (DOC. 57)

THIS MATTER comes before the Court upon the Government's Motion in Limine Seeking Pretrial Ruling on the Admissibility of Evidence, filed February 14, 2017 **(Doc. 57).** Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken in part and, therefore, is granted in part and denied in part.

### BACKGROUND

The relevant background facts are set out in the Memorandum Opinion and Order denying Defendant's motion to suppress (Doc. 38) as well as the Government's brief (Doc. 57). This case began with a traffic stop for an improper lane change conducted by Bernalillo County Sherriff's Deputy Leonard Armijo. A canine search led to a further search that uncovered about $65,020 in U.S. currency. Defendant is charged with Conspiracy to Commit Bulk Cash Smuggling in violation of 18 USC §371, Bulk Cash Smuggling in violation of 31 USC §5332(a)(1) and (b) and Aiding and Abetting (18 USC §2).

### DISCUSSION

In connection with this motion, the Government filed a Notice of Intent to offer extra-judicial statements and audio-recorded evidence, and seeks to admit the entire conversation from a particular phone conversation Defendant made from jail, namely jail call 10.91.1.21-c369e140a5b00151623a187172144fb.  The Government offers several arguments as to why these statements are admissible, starting with their relevance.

**I.     Relevance**

To be admissible, tape recorded evidence must have a proper foundation, must be relevant and must not be privileged. *United States v. Watson*, 594 F.2d 1330, 1334 (10th Cir.1979). Moreover, if the tape recordings contain hearsay, there must a valid exception to the hearsay rule for the evidence to be admissible.  Fed.R.Evid. 803.  Evidence is relevant if it "tends to make the existence of any fact" of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401; *United States v. Mendoza-Salgado*, 964 F.2d 993, 1006 (10th Cir. 1992).

The Government's brief describes six conversations from the relevant jail call:

Conversation 1:  Defendant asks "Matias" to dial a phone number which the Government believes is a Mexico phone number.  Co-conspirator "Manuel" answers the call and speaks with Defendant. This is relevant because the Government must prove that Defendant was attempting to take the cash to Mexico.

Conversation 2: Defendant learns from "Manuel" that a "brother-in-law" wants to be paid but Manuel doesn't have the money to pay.  Defendant tells Manuel to tell the "brother-in-law" that he'll take care of the problem when he gets out of jail.  Government contends this is relevant for the inferences that can be made to the connection to Mexico, e.g.: (1) Manuel is in Mexico because the phone number is a Mexico phone number and therefore the "brother-in-law" looking for the money is also in Mexico; (2) Defendant was arrested and so the money he was transporting did not make it to Mexico; and (3) Defendant was traveling with cash to Mexico. These conversations also show Defendant's knowledge about the money and his attempts to resolve the non-delivery of the money—which is furtherance of the conspiracy.

Conversation 3: Defendant states to an unknown conspirator that he is "guilty for the seventy-five" but "not for the sixty-five."  The Government contends this shows Defendant's admission of guilt for the crimes charged.

Conversation 4:   Manuel tells Defendant that he is struggling and paying for all the "Events" by himself.  The Government claims this is relevant because it leads to an inference that Manuel is "struggling" because Defendant did not deliver the cash back to Mexico.

Conversation 5: Defendant learns that his buddy from Culiacán has been asking about him and how much he charges to make the ice cream.  Defendant states that he will make the ice cream "nice" in Hermosillo.  This shows Defendant intends to return to Mexico.

Conversation 6: Defendant continues to discuss his debt to the brother-in-law wanting to be paid, which the Government claims makes it more probable that Defendant committed the crimes charged.

Defendant contends that these selected portions of the audio-recorded conversations can be interpreted innocently. For example, conversation 6 might nothing more than the fact that Defendant has a debt with this brother-in-law, and conversation 5 could signifies only that Defendant is a Mexican citizen.  While the nature of their significance may be a matter of disagreement between the parties, the Court finds that the selected conversations listed above are nevertheless relevant to inferences that can be made from them and to the elements of the crimes charged, pursuant to Fed.R.Evid. 401.  The Court also finds that any prejudice these statements might pose to Defendant, their probative value far outweigh its potential for *unfair* prejudice. *See U.S. v. Martinez,* 938 F.2d 1078, 1082 (10th Cir. 1991) (evidence is not unfairly prejudicial simply because it is damaging to Defendant's case).

## II.   Admissibility

The next question is whether these statements can be admitted at trial. To begin with, the Court agrees (and Defendant concedes) that statements made to the Defendant by other purported and unidentified co-conspirators are non-testimonial and their admission would therefore not violate Defendant's Sixth Amendment's Confrontation Clause.  *See Davis v. Washington,* 547 U.S. 813, 821 (2006); *Michigan v. Bryant*, 562 U.S. 344, 358 (2011) (Out of Court statements are admissible if the statement was not made for the purpose of building a

3

record for trial); *Crawford v. Washington,* 541 U.S. 36 (2004) (Out-of-court statements by witnesses that are *testimonial* in nature are barred under the Confrontation Clause unless witnesses are unavailable *and* defendants had prior opportunity to cross-examine witnesses).

The Government offers several grounds for admission of Defendant's statements in the audio-recorded conversations:

(1)  they are co-conspirator statements under Fed.R.Evid. 801(d)(2)(E);

(2)  they are not offered for their truth under Rule 801(c);

(3)  they are admissions of a party opponent under Fed.R.Evid.801(d)(2)(A); and

(4)  they are being offered to show Defendant's then-existing state of mind under Rule 803(3).

A.   Fed.R.Evid. 801(d)(2)(E)

The Government contends that the statements of the unidentified males in the audio-recording are not hearsay because they are statements made by co-conspirators in the course and furtherance of a conspiracy, under Fed.R.Evid. 801(d)(2)(E). However, before deciding whether these co-conspirators statements qualify as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E), the Court must conduct a separate three-part inquiry under this Rule to determine that (1) by a preponderance of the evidence, a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy. *U.S. v. Owens*, 70 F.3d 1118, 1123-24 (10th Cir. 1995) (citing *U.S. v. Urena*, 27 F.3d 1487, 1490 (10th Cir.)) (quoting *U.S. v. Johnson*, 911 F.2d 1394, 1403 (10th Cir.1990), cert. denied, 498 U.S. 1050 (1991), cert. denied, ––– U.S. ––––, 115 S.Ct. 455, 130 L.Ed.2d 364 (1994). In this Circuit, it is strongly preferred that the district court make these findings by conducting a *James* hearing outside the presence of the jury to determine whether the predicate conspiracy existed. *U.S. v. Urena,* 27 F.3d 1487, 1491 (10th Cir. 1994) (citing *U.S. v.*

*James,* 590 F.2d 575 (5th Cir. 1979)); *Owens,* 70 F.3d at 1124. The Government does not believe a *James* hearing is necessary, while Defendant's position is that there is sufficient dispute regarding the existence and nature of the conspiracy to warrant a hearing.[1]

The Court makes no ruling on the admissibility of the audio-recorded statements under this rule of evidence at this time.

      B.      <u>Non-Hearsay Under Fed.R.Evid. 801</u>

The Court rejects the Government's argument that the audio-recorded statements are not being offered for their truth (that is, whether a "brother-in-law" came to Manuel's house) but rather as an indication of motive, intent or plan. However, Defendant's statements in themselves express a motive or intent (that is, returning to Mexico and paying the debt) and therefore would in fact be offered for their truth—thus rendering those statements inadmissible hearsay unless another rule allows their admission.

The other two grounds for admission under the rules of evidence are viable ones.

      C.      <u>Fed.R.Evid. 801(d)(2)(A)</u>

Fed.R.Evid. 801(d)(2)(A) excludes from hearsay statements that are offered against an opposing party that are made by the party in an individual or representative capacity. *See U.S. v. Busch,* 758 F.2d 1394, 1397 (10th Cir. 1985) (defendant's own tape-recorded utterances were his own admissions, and thus defendant was "in no position to complain about the admission into evidence of transcripts of statements which he himself made. . . .")." In response, Defendant argues that Rule 801(d)(2)(A) is "an articulation of the rule allowing co-conspirator statements. . . .". Doc. 65 at 5-6. Defendant is apparently referring to Rule 801(d)(2)(E) which is an entirely *separate* subsection of the rule excluding certain statements from the hearsay category and which

---

[1] The Court heard from counsel on March 1, 2017, at a calendar call for this case and other cases on the Court's docket for trial this month.

has nothing to do with the category dealing with admissions of party opponents under subsection 801(d)(2)(A). Defendant's statements in the six selected conversations clearly fall in the category of statements made by a party opponent and offered against that party under Rule 801(d)(2)(A), and will be admitted as such.

### D.     Fed.R.Evid. 803(3)

Finally, the Court finds that Defendant's statements are admissible to show Defendant's state of mind or the implementation of a plan or motive under Fed.R.Evid. 803(3). Defendant's purported plan or intent is to carry out the objective of returning to Mexico with the money that was found in his car and the statements were made at the time Defendant had the alleged intent. *See, e.g., U.S. v. Suarez,* 601 F.3d 1202, 1216 (11th Cir. 2010), *cert. denied,* 130 S.Ct. 3532 (witness's alleged statement to FBI special agent about over-crowded conditions on boat purportedly used to smuggle aliens was not admissible under state of mind exception because it was made after the fact, not at time of incident, and defendant was not the declarant). It matters little whether this plan is a practical, difficult or even unlikely, as long as the statements are probative of the declarant's then-existing state of mind. *See U.S. v. Barraza,* 576 F.3d 798, 804-805 (8th Cir. 2009) (victim's out-of-court statements to friend and victim's journal entries, both made day before she disappeared, stating that she intended to take trip to Mexico with defendant, were admissible as evidence of victim's then-existing state of mind). From these statements, the jury would be allowed to infer that Defendant planned on being out of jail in short order and returning to Mexico with the money, and therefore Defendant's statements from the six conversations are admissible under Fed.R.Evid. 803(3).

## CONCLUSION

**In sum, the Court finds and concludes that the Defendant's audio-recorded statements in the six conversations included in the Government's brief are admissible under Fed.R.Evid. 801(d)(2)(A) as admissions of a party opponent; and also under Fed.R.Evid. 803(3) to show Defendant's then-existing state of mind.**

The Court makes no findings regarding whether the Government has met the evidentiary requirements for admission of these statements as co-conspirator statements under Fed.R.Evid. 801(d)(2)(E), except to find that a *James* hearing would be required in order for the Court to determine whether these statements are admissible under that rule.

In making the above findings, the Court notes that its ruling pertains to statements made by Defendant, and only as to those statements included in the six conversations set out in the Government's brief. Should the Government continue to seek admission of statements made by the other individual in the call, then every statement in that call (and not only those statements described in the six excerpted conversations) will have to be vetted in a *James* hearing in order to determine whether each of those statements constitutes a co-conspirator statements under Fed.R.Evid. 801(d)(2)(E). The Court will be hearing argument on pending motions in this case on Monday, March 6, 2017 at 1:30 (*see* Doc. 78). At that time, the Court will expect counsel for the Government to advise the Court as to the Government's position on this motion in light of the Court's ruling herein.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE