IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                                                                                           No. 16-CR-2367 WJ

JULIO CESAR FIGUEROA-RIVERA,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO ALLOW TRANSCRIPTS CONTAINING ENGLISH TRANSLATIONS OF RECORDED SPANISH CONVERSATIONS**

THIS MATTER comes before the Court on the United States' Motion in Limine to Allow Transcripts Containing English Translations of Recorded Spanish Conversations as Substantive Evidence filed on February 16, 2017 (**Doc. 59**). Having reviewed the parties' briefs and applicable law, and the oral arguments of counsel presented at the hearing on March 6, 2017, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

## BACKGROUND

The relevant background facts are set out in the Memorandum Opinion and Order denying Defendant's motion to suppress (Doc. 38) as well as the Government's brief (Doc. 59). This case began with a traffic stop for an improper lane change conducted by Bernalillo County Sherriff's Deputy Leonard Armijo. A canine search led to a further search that uncovered about $65,020 in U.S. currency. Defendant is charged with Conspiracy to Commit Bulk Cash Smuggling in violation of 18 USC §371, Bulk Cash Smuggling in violation of 31 USC §5332(a)(1) and (b) and Aiding and Abetting (18 USC §2).

## DISCUSSION

The United States asks the Court to admit English translations of conversations that were recorded in Spanish. The Government states that ordinarily the recordings themselves constitute evidence, and the transcripts are merely demonstrative aids to help the jurors understand the evidence. *See* Tenth Circuit Criminal Pattern Jury Instruction 1.40.  However, this rule cannot logically apply to a recording in a foreign language, which jurors are not required to understand in order to be qualified for jury duty.  The United States points to *United States v. Curbelo*, 726 F.3d 1260, 1276 (11th Cir. 2013), where the Eleventh Circuit held the district court properly admitted English translations of wiretap recordings of Spanish conversations.  Specifically, the court held the translated conversations did not violate the Confrontation Clause.  *See id.* at 1272. The court reasoned, "[i]nsofar as the transcripts are simply English versions of Diaz's telephone conversations, they do not contain any hearsay statements *by the translator*.  The Confrontation Clause only applies to testimonial statements that are used to establish 'the truth of the matter asserted.' But the transcripts in this case did not contain any express 'assertions' by the translator that could be true or false." *Id.* (internal citation omitted).

The Tenth Circuit indirectly addressed this issue in *United States v. Valenzuela*, 484 F. App'x 243, 246 (10th Cir. 2012), where "the government introduced into evidence eighteen recorded wiretap conversations in Spanish, each of which was accompanied by a Spanish transcript and an English translation.  Most of the recordings were played to the jury. An English translator testified as to the contents of the conversations."  Although the court did not flesh out the basis for finding the English transcripts to be proper under the circumstances, the decision illustrates the propriety of admitting into evidence English translations of Spanish conversations in order to enable the jury to understand the evidence.

In the Response, Defendant agrees the Court has discretion to allow the jurors to receive the English transcript of the recordings. However, Defendant emphasizes that transcripts are merely aids to follow the testimonial evidence. Defendant urges the Court to exercise caution in allowing the transcripts to be sent to the jury as substantive evidence. Defendant does not challenge the accuracy of the English translations, nor does he make any suggestion that the transcript is inaccurate.

The Court admits the English translations of the Spanish language recorded conversations as substantive evidence in this case. Transcripts of recorded conversations are admissible even where actual recordings are admitted to assist the trier of fact, and their admission is within the discretion of the trial court. *See United States v. Devous*, 764 F.2d 1349, 1354–55 (10th Cir. 1985) ("[t]he admission of transcripts to assist the trier of fact, like the admission of tapes of marginal quality, lies within the discretion of the trial court."); *United States v. Gomez*, 67 F.3d 1515, 1525-26 (10th Cir. 1995) (in case where recorded calls themselves were admitted, "the district court did not abuse its discretion in admitting the transcripts and, therefore, committed no error.").[1]

The question is whether the transcript is an accurate rendition of the taped conversation, and there are different ways to approach this determination. *See Devous*, 764 F.2d 1349. It is expected that the Government will lay a proper foundation for these transcripts. The testimony of either the stenographer (transcriber) or a participant in the actual conversation that the

---

[1] *See also United States v. Eberhart*, 434 F.3d 935, 938–39 (7th Cir. 2006) (finding that it is not error to introduce tapes and transcripts into evidence, even when some variation between tapes and transcripts exists, when other portions of the recording support the content of the transcript); *United States v. White*, 219 F.3d 442, 448–49 (5th Cir. 2003) (ruling admission of transcript was not abuse of discretion when FBI agent testified as to unintelligible portions of the document and a cautionary instruction was given*); United States v. Delpit*, 94 F.3d 1134, 1147 (8th Cir. 1996) ("It is well settled that the jury may use transcripts of wiretapped conversations during trial and deliberations."); *United States v. Font-Ramirez*, 944 F.2d 42, 49 (1st Cir. 1991) ("It is permissible to allow an English language jury to evaluate evidence of a tape recorded conversation in Spanish solely through use of a properly authenticated English language transcript.").

transcript is correct is sufficient to authenticate. *United States v. Rochan,* 563 F.2d 1246, 1251 (5th Cir. 1977).

Because the use of English transcripts will assist the jury in understanding the evidence, the Court grants the United States' Motion in Limine (**Doc. 59**).  The conversations at issue here were recorded in Spanish.  It is not a requirement of the jurors to understand Spanish in order to serve on the jury.  Without the English transcripts of the conversations, those jurors not fluent in the Spanish language will be unable to understand the evidence.  Therefore, the Court admits the transcripts as substantive evidence in this case.  The parties do not dispute that it is entirely within the Court's discretion to allow such evidence.  *See Devous*, 764 F.2d at 1354–55.  The United States shall lay a proper foundation for the English transcripts.  The testimony of either the transcriber or a participant in the actual conversation will suffice.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE