IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff

vs.                                          NO. 16-CR-2367 WJ

JULIO CESAR FIGUEROA-RIVERA,

     Defendant

**MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE SEEKING A PRETRIAL RULING ON ADMISSIBILITY OF EVIDENCE <u>UNDER RULE 803(6)</u>**

THIS MATTER comes before the Court on the United States' Motion in Limine Seeking Pretrial Rulings on Admissibility of Evidence Under Rule 803(6) filed on February 28, 2017 (**Doc. 69**).  Having reviewed the parties' briefs and applicable law, and the oral arguments of counsel presented at the hearing on March 6, 2017, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

**BACKGROUND**

The relevant background facts are set out in the Memorandum Opinion and Order denying Defendant's motion to suppress (Doc. 38) as well as the Government's brief (Doc. 69). This case began with a traffic stop for an improper lane change conducted by Bernalillo County Sherriff's Deputy Leonard Armijo. A canine search led to a further search that uncovered about $65,020 in U.S. currency.  Further investigation revealed that Defendant travelled from Mexico to Denver via Frontier Airlines on March 19, 2016, four days prior to his arrest.  Defendant travelled with an individual named Jose Aviles.  Defendant was making numerous entries into the United States prior to his arrest on March 24, 2016.  Defendant is charged with Conspiracy to

Commit Bulk Cash Smuggling in violation of 18 U.S.C. § 371, Bulk Cash Smuggling in

violation of 31 U.S.C. § 5332(a)(1) and (b) and Aiding and Abetting (18 U.S.C. § 2).

## DISCUSSION

The United States seeks a pretrial ruling on the admissibility of Frontier Airlines records

that show Defendant travelled to the U.S. from Mexico a few days before his arrest with Jose

Aviles, who the Government alleges was part of the conspiracy to commit bulk cash smuggling

and who was named on the insurance card for the vehicle Defendant was driving when he was

arrested.  The Government maintains the records are relevant to the charges and the records are

not hearsay under the business records hearsay exception, Federal Rule of Evidence 803(6).

### I.        Federal Rule of Evidence 803(6)

The United States argues the airline records are not hearsay because they are records of a

regularly conducted activity under Rule 803(6).[1]  "A computer printout is admissible under Rule

803(6), as with any other form of business record, if the offeror establishes a sufficient

foundation in the record for its introduction." *United States v. Cestnik*, 36 F.3d 904, 909 (10th

Cir. 1994) (quoting *United States v. Hayes*, 861 F.2d 1225, 1228 (10th Cir. 1988)).  "Computer

business records are admissible if (1) they are kept pursuant to a routine procedure designed to

assure their accuracy, (2) they are created for motives that tend to assure accuracy (*e.g.,* not

including those prepared for litigation), and (3) they are not themselves mere accumulations of

---

Fed. R. Evid. 803(6) provides that a record of a regularly conducted activity is not excluded by the rule of hearsay subject to the following:

> (A)    the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B)    the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C)    making the record was a regular practice of that activity;
> (D)    all of these conditions are shown by the testimony of the custodian or another qualified witness . . .; and
> (E)    neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

hearsay." *Id.* (quoting *United States v. Hernandez*, 913 F.2d 1506, 1512 (10th Cir. 1990)). Whether a business record was completed in anticipation for litigation focuses on whether the data was input, not extracted as a regular business practice. *Hernandez*, 913 F.2d at 1512–13. The Defendant stipulates to the foundation for the airline records. *See* Doc. 77.

The Court finds the Frontier records meet the criteria under Fed. R. Evid. 803(6) and are not hearsay. Defendant stipulates to the foundation for the records, and the parties agree that Frontier Airlines made and maintained Defendant's travel record in the ordinary course of business and that the records were made near the time Defendant crossed the border. The records were made by a person with knowledge and in the person's ordinary course of business. *See* Fed. R. Evid. 803(6).

**II.    Relevancy**

The United States argues the records are relevant because they provide evidence of the Defendant's activities across the border. Specifically, the records show that Defendant entered the United States on March 19, 2016, four days before his arrest. Upon entering the United States, Defendant passed through Customs, where he was asked if he was transporting more than $10,000. On March 16, 2016, Defendant travelled from Denver to Puerto Vallarta, Mexico and again would have been asked if he was transporting more than $10,000. As part of its burden of proof, the United States must establish that Defendant knowingly evaded the reporting requirement. Thus, the Frontier records make it more likely than not that Defendant knew about the reporting requirement because he had been asked at least twice before he was arrested.

Next, the Government contends the records are relevant because the United States charged Defendant with conspiracy to commit bulk cash smuggling. During Defendant's traffic stop, he told Deputy Armijo that he purchased the vehicle on March 22, 2016. Defendant

presented an insurance card that indicated the vehicle had been insured since August 11, 2016

under Jose Aviles (the person with whom Defendant travelled from Mexico to the U.S. on March

19, 2016).  Defendant had a permit number from High Tech Auto and Jose Aviles works at High

Tech Auto. Law enforcement found two hidden compartments in the vehicle. The Government

thus contends that it is relevant that Defendant was traveling to the United States from Mexico

and the reverse with, Jose Aviles, the person listed as insuring the vehicle.

Finally, the United States maintains the Frontier Airlines records support the following

inferences, which show a pattern of behavior that supports the Conspiracy charge as well as the

elements of the bulk cash smuggling offense:

> 1) Defendant flew in and out of the United States a week prior to his arrest; 2)
> When Defendant entered the US and reentered Mexico he learned from customs
> about the reporting requirement; 3) Defendant was traveling with the person that
> owned the 2008 Honda Accord a week prior to his arrest; 4) Jose Aviles insured
> the Honda Accord and works at High Tech auto, where Defendant claims he
> purchased the vehicle; 5) High Tech Auto is an auto shop where the non-factory
> modifications were made; 6) Defendant conspired with Aviles to alter the
> undercarriage of the vehicle; and 7) Defendant conspired with Aviles to engage in
> bulk cash smuggling.

Defendant responds that the Frontier records are not relevant.  The records show only that

Defendant was travelling with Aviles, who he knows from Colorado, and they do not add any

probative value to whether Defendant had knowledge of the requirement to report more than

$10,000 cash.

The Court finds the Frontier Airline records are relevant and probative to show the

relationship between Defendant and Aviles.  The records show Defendant and Mr. Aviles were

travelling together from Mexico, and Mr. Aviles insured the car containing the smuggled cash,

so it makes it more likely than not that Defendant and Mr. Aviles were conspiring to smuggle the

cash.

The records are also probative of Defendant having knowledge of the reporting requirement because they tend to show he came through Customs and would have known about the reporting requirement.  When Defendant travelled from Mexico he would have been asked if he was transporting more than $10,000 cash on March 16 and March 19, 2016, therefore the records will allow the jury to infer that Defendant knew about the reporting requirement.  The records support the element that the United States must prove, which is that Defendant *knowingly* evaded the reporting requirement.  Finally, considering Fed. Evid. R. 403, the Court finds that the probative value of the Frontier Records substantially outweighs any potentially unfair prejudice to the Defendant in admitting the Frontier Airline records.

Therefore, the United States' Motion in Limine (**Doc. 69**) is **GRANTED**.  The Court admits in evidence the Frontier Airlines records regarding Defendant's travel with Jose Aviles to and from the United States.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE