IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff

vs.                                                                                                                                                 NO. 16-CR-2367 WJ

JULIO CESAR FIGUEROA-RIVERA,

    Defendant

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION IN LIMINE SEEKING PRETRIAL RULINGS ON ADMISSIBILITY OF EVIDENCE <u>UNDER RULE 803(8)</u>

THIS MATTER comes before the Court on the United States' Motion in Limine Seeking Pretrial Rulings on Admissibility of Evidence Under Rule 803(8), filed on February 21, 2017 (**Doc. 60**). Having reviewed the parties' briefs and applicable law, and the oral arguments of counsel presented at the hearing on March 6, 2017, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

### BACKGROUND

The relevant background facts are set out in the Memorandum Opinion and Order denying Defendant's motion to suppress (Doc. 38) as well as the Government's brief (Doc. 60). This case began with a traffic stop for an improper lane change conducted by Bernalillo County Sherriff's Deputy Leonard Armijo. A canine search led to a further search that uncovered about $65,020 in U.S. currency. Further investigation revealed that Defendant travelled from Mexico to Denver via commercial aircraft on March 19, 2016, four days prior to his arrest. Defendant travelled with an individual named Jose Aviles. Defendant was making numerous entries into the United States prior to his arrest on March 24, 2016. Defendant is charged with Conspiracy to

Commit Bulk Cash Smuggling in violation of 18 U.S.C. § 371, Bulk Cash Smuggling in violation of 31 U.S.C. §5332(a)(1) and (b) and Aiding and Abetting (18 U.S.C. § 2).

## DISCUSSION

The United States asks the Court to admit a report generated through the Treasury Enforcement Communications System II ("TECS II Report" or "Report"), which recorded Defendant's entries into the United States from Mexico during the timeframe pertinent to this case. More specifically, the Report recorded that Defendant travelled from Mexico to Denver on March 19, 2016 (four days before his arrest). Prior to his arrest on March 23, 2016, Defendant was making numerous entries into the United States. His travel from Mexico increased from once or twice monthly to four times in March 2016. The United States says the Report is relevant because it shows Defendant intended to return to Mexico with the bulk cash smuggled under his car. Moreover, the Report is relevant as to the element of knowledge because each time he crossed the border, Defendant would have viewed signs regarding the reporting requirement, and agents would have asked him if he was carrying more than $10,000 in cash.

In response, Defendant does not contest the admissibility of the Report and he stipulates to the foundation for the Report. *See* Doc. 77. Defendant challenges the relevancy of the Report and he claims it would be unduly prejudicial under Fed. R. Evid. 403. Specifically, Defendant contends the Report is cumulative and would confuse the jury because Defendant is not being charged with illegal border crossing. Defendant states there is nothing probative about the Report because all it shows is that Defendant, a Mexican citizen, was crossing the border lawfully. At the hearing, Defendant for the first time raised a Rule 404(b) challenge to the Report and argued the Government is improperly attempting to prove Defendant's character by evidence of a prior bad act.

I.      **Admissibility Under Rules 803(6) and 803(8)**

First, the Court finds the Report is admissible under Federal Rules of Evidence 803(6) and 803(8). The Defendant stipulates to the foundation for the Report. The parties agree that Homeland Security Investigations Central Border Processing made and kept Defendant's border crossing record in the ordinary course of regularly conducted business. *See* Doc. 77. Public records prepared as part of routine, objective observations, made as part of the everyday function of the agency falls within the Rule 803(8) exception. *See United States v. Agustino-Hernandez*, 14 F.3d 42, 43 (11th Cir. 1994) (INS records are admissible under 803(8) as they are routinely and mechanically kept INS records). In this case, the Report is recorded as part of Customs officials' daily duties and is admissible as a hearsay exception under Rule 803(6). Moreover, as the parties stipulate, the Report was not prepared in anticipation of this case but rather was compiled and maintained by Homeland Security Investigations Central Border Processing in the regular course of business. Thus, the Report is also admissible as a business record. *See* Fed. R. Evid. 803(6).

The Government points out that a statement may be admissible under one of the exceptions to hearsay but still be excluded because it violates the Confrontation Clause. The Clause bars testimonial statements because they are statements that "bear witness against a defendant." *Crawford v. Washington*, 541 U.S. 36, 39 (2004) (such statements are prohibited because a declarant is not afforded the opportunity to cross-examine a witness). The Tenth Circuit has defined a testimonial statement as a formal statement where "a reasonable person in the position of the declarant would objectively foresee that the primary purpose of the statement was for the use in the investigation or prosecution of a crime." *United States v. Smalls*, 605 F.3d

765, 778 (10th Cir. 2010). ). The Government maintains that the TECS II report is admissible because it is non-testimonial and does not implicate the Confrontation Clause. The Court agrees.

In *United States v. Zarauskas*, 814 F.3d 509, 519 (1st Cir. 2016), the district court allowed the government to introduce TECS reports showing border crossings pursuant to Rule 803(8).[1] The government used the evidence to establish a vehicle had crossed the border on certain dates. *Id.* The defendant appealed, arguing the district court improperly admitted hearsay evidence. *Id.* The First Circuit held the TECS reports were "non-adversarial public records" and were properly admitted under Rule 803(8). *Id.* at 519–20. The court explained, "[t]he act of recording this information amounts to rote recitation, and the information itself, such as the license plate of the vehicle, and the date of the crossing, is quintessentially ministerial and non-adversarial." *Id.*

The Tenth Circuit has not considered whether a TECS report falls within the Rule 803(8) hearsay exception. But in *United States v. Salinas-Valenciano*, 220 F. App'x 879, 882 (10th Cir. 2007), the court held a warrant of deportation is non-testimonial and admissible under Rule 803(8). The court reasoned that "[t]he key question under *Crawford* is whether the document sought to be introduced was prepared for the purpose of litigation, or whether it was prepared for regulatory, business, or other purposes apart from the possibility of its use as evidence in a legal proceeding." *Id.* The primary purpose of the warrant of deportation was to "maintain records concerning the movements of aliens and to ensure compliance with orders of deportation, not to prove facts for use in future criminal prosecutions." *Id.* (quoting *United States v. Torres-*

---

[1] The Government points out that the Fourth, Fifth and Ninth Circuits have also concluded that TECS records are admissible under rule 803(8). *United States v. Cabrera-Beltran*, 660 F.3d 742, 753 (4th Cir. 2011) (TECS reports are non-testimonial and are admissible under 803(8); *United States v. Puente*, 826 F.2d 1415, 1417–18 (5th Cir. 1987) (customs records showing when a vehicle entered the United States was admissible under 803(8)); *Orozco*, 590 F.2d at 794 (TECS reports are admissible and although district court found TECS cards admissible under 803(6), they were more properly admissible under 803(8)).

4

*Villalobos*, 477 F.3d 978, 983–84 (8th Cir. 2007)).  The Court agrees with the United States and finds the TECS II Report in this case is non-testimonial, non-adversarial, and was not prepared for the purpose of litigation, thus it will be admitted under Rules 803(6) and 803(8).  The Court also notes that nearly every Circuit to have considered the question of the admissibility of the TECS II Report has found that this Report is properly admitted under Evidence Rule 803(8) as a hearsay exception and the Court finds these well-reasoned Circuit opinions to be very persuasive authority.

Moreover, the United States Supreme Court has held that evidence under Rules 803(8) and 803(6) is generally admissible because it is not testimonial. "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).  The Report is a public record generated by a public official that records the entries into the United States.  Its purpose is to keep track of who is in the United States and for how long.  It is not a document prepared for use in litigation or for the investigation of any crime.  Thus, the Report is admissible as a hearsay exception under Rules 803(6) and 803(8).

## II.     Relevance and Unfair Prejudice

The outcome of this Motion hinges on relevancy.  The United States first contends the TECS II Report is relevant because it lists Defendant's entries into the United States between May 2015 and March 2016.  The Report supports the following inferences:

> 1) Each of the Defendant's entries into the United States from Mexico prior to his arrest corresponds to a reentry into Mexico; 2) When the Defendant entered the US and reentered Mexico he had the opportunity to observe a sign displayed at all points of departure between the United States and Mexico delineating the United

States currency reporting requirements; 3) Defendant's repeated entries into the United States and the subsequent escalation of these entries in March makes it likely that Defendant intended to return to Mexico with the hidden cash.

The United States asserts that each of these inferences show a pattern of behavior that supports the Government's theory of the case that the Defendant engaged in bulk cash smuggling and a conspiracy to smuggle bulk cash into Mexico.

Defendant asks the Court to exclude the Report under Rule 403. The Report provides nothing more than that Defendant crossed the border a number of times, and there is nothing unlawful about travel to and from the United States. At the hearing, Defendant raised a Rule 404(b)[2] challenge, asserting the Government improperly offers the Report to prove Defendant's bad character and that he acted in conformance with that character on a particular occasion. Fed. R. Evid. 404(b)(1). The Government responded that it has no intent to show any prior bad acts, and it is not attempting to prove any prior misconduct or illegal behavior on the part of the Defendant. The Court agrees that this Motion does not present a Rule 404(b) issue simply because the Government is not attempting to introduce any alleged prior bad acts of the Defendant. Rather, the Government seeks to introduce evidence of Defendant's lawful border crossing because it is probative of his intent to return to Mexico with the cash and it bears on Defendant's knowledge of the reporting requirement.

The Court also agrees with the United States that the Report is highly relevant and its probative value is not outweighed by undue prejudice to Defendant. The Report makes it more likely than not that Defendant intended to return to Mexico with the $65,020. The Government is not trying to prove that Defendant crossed the border illegally, or that he crossed the border

---

[2] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Government has not suggested the Report constitutes evidence of a crime or wrongful act by the Defendant. As Defendant repeatedly points out, he crossed the border legally.

too many times.  Rather, the numerous crossings in close proximity to the date of Defendant's arrest support an inference that he planned on returning to Mexico with the cash under his car.  Thus, the TECS II Report is probative as to Defendant's intent to return to Mexico with the cash that was located in a hidden compartment under his car.

Furthermore, the Court finds the Report is relevant to the element of knowledge.  It is the Government's burden to prove Defendant knowingly evaded the cash reporting requirement.  Each time Defendant entered the United States in March 2016, he would have been asked if he was carrying more than $10,000 cash.  The Court notes Defendant's relevancy objection for the record, and will entertain a limiting instruction on what the Report may be considered to establish if Defendant submits a proposed instruction.

Finally with regards to any prejudice the Report might pose to Defendant, its probative value far outweighs its potential for *unfair* prejudice.  *See U.S. v. Martinez,* 938 F.2d 1078, 1082 (10th Cir. 1991) (evidence is not unfairly prejudicial simply because it is damaging to Defendant's case).  Under Rule 403, relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and/or wasting time.  Fed. R. Evid. 403.  The Court has already found the Report to be relevant and highly probative of Defendant's intent to return to Mexico with the cash and probative of Defendant's knowledge of the reporting requirement.  This probative value is not outweighed by unfair or undue prejudice to Defendant.  Therefore, the United States' Motion in Limine (**Doc. 60**) is **GRANTED.**  The Court admits the TECS II Report in evidence.

    SO ORDERED

_____
UNITED STATES DISTRICT JUDGE